FARMERS GRAIN EXCHANGE, INC., Respondent, v. CRULL, Appellant.

*No. 64. Argued January 6, 1971.—Decided February 5, 1971.*
(Also reported in 183 N. W. 2d 41.)

For the appellant there was a brief by *Prazak & Geffs* of Clinton, and oral argument by *Jacob Geffs*.

For the respondent there was a brief and oral argument by *Richard B. Eager* of Evansville.

HANLEY, J.   The issues raised by Crull's appeal are:

(1) Was the court's action in vacating the first judgment pursuant to sec. 269.46, Stats., void because defendant had no notice of such proceeding; and

(2) Does the withdrawal of an invalid cognovit judgment prohibit the confession of judgment under the same power of attorney?

*Question of notice.*

Sec. 269.46 (1), Stats., provides in part as follows:

"**Relief from judgments, orders and stipulations; review of judgments and orders.** (1) The court may, *upon notice* and just terms, at any time within one year after notice thereof, *relieve a party from a judgment,* order,

stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. . . ."

The defendant argues that the above section requires that he be given notice as "a party" to any proceeding under sec. 269.46 (1), Stats. He argues that since he did not have notice of the hearing at which the court granted the plaintiff's motion to vacate the first judgment, such vacation is a nullity.

We think the situation contemplated by sec. 269.46 (1), Stats., is that notice to the prevailing party is required where the losing party attempts to relieve itself of a judgment. Here the converse is true and defendant's rights were not infringed upon.

The procedure about which the defendant complains was of no legal force and effect whatsoever. It was mere surplusage. This is so because sec. 270.69 (3), Stats., requires one who obtains judgment on a cognovit note to transmit notice of entry thereof to the judgment debtor within thirty days. Also, this section declares that: ". . . Failure to transmit such notice shall invalidate the judgment." Because of this provision, the plaintiff's first judgment became a nullity by *operation of law* thirty days after it was entered.

### *Validity of second judgment.*

Defendant argues that the power of attorney granted in a cognovit note is "devitalized" or exhausted once it has been exercised and that no attorney may confess judgment against the signer a second time on the same note. He cites as authority 49 C. J. S., *Judgments,* p. 288, sec. 155:

"A warrant or power of attorney to confess judgment is generally exhausted by its exercise, and a second judgment cannot be entered by virtue of the same power."

*He neglects to point out that the next sentence states:*

"As a general rule a power of attorney to confess judgment is exhausted by one valid confession, . . ."

It is also noted that the statement is found in the text in the same paragraph:

". . . Where the first judgment is vacated or reversed for error, it has been held that the attorney may, under the same power, confess a correct judgment, his power not being exhausted by the first act; . . ."

We conclude that a warrant of attorney authorizing a confession of judgment *is not exhausted by the entry* of a judgment under such warrant if the judgment is subsequently reversed or set aside, so that a second judgment may be confessed under the power of attorney.

Allowing the second judgment to stand imposes on the defendant no greater obligation than that which he voluntarily assumed when he signed the note.

The defendant at no point contends that he did not receive the consideration stated in the note or does not equitably owe the amount of the note. The note itself states that the defendant waives and releases all errors which may intervene in any such proceedings.

*By the Court.*—Order affirmed.